IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARNER BROS. RECORDS INC., a Delaware corporation; INTERSCOPE RECORDS, a California general partnership; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and ATLANTIC RECORDING CORPORATION, a Delaware corporation,<br><br>     Plaintiffs,<br><br> v.<br><br>LENORA CHRISTINE BABB,<br><br>     Defendant. | 2:06-cv-1642-GEB-EFB<br><br>ORDER |

   On February 15, 2007, the parties filed a "Stipulation to Judgment and Permanent Injunction" ("Stipulation").  The Stipulation reveals the parties have settled this action.  The Stipulation does not indicate that Defendant will not abide by the parties' agreed upon settlement, such that a permanent injunction and retention of jurisdiction to enforce the settlement is required.

1

1    "[T]he mere fact that the parties agree that the court
2  should [grant a permanent injunction and] exercise continuing
3  jurisdiction is not binding upon the court." Arata v. Nu Skin Int'l,
4  Inc., 96 F.3d 1265, 1269 (9th Cir. 1996). "According to well
5  established principles of equity, a plaintiff seeking a permanent
6  injunction must satisfy [the injunctive relief] test before a court
7  may grant such relief." Ebay v. Mercexchange, --- U.S. ---, 126 S.
8  Ct. 1837, 2006 WL 1310670, at *2 (May 15, 2006). The injunctive
9  relief test includes an inquiry into "whether future violations are
10 sufficiently likely to warrant an injunction." U.S. v. Laerdal Mfg.
11 Corp., 73 F.3d 852, 856 (9th Cir. 1995). Here, the parties have not
12 shown the need for a permanent injunction. Therefore, the Court will
13 not enter the permanent injunction the parties proposed. Further, the
14 proposed injunction provision that prohibits Defendant from making
15 "any public statements that are inconsistent with any term of the
16 Stipulation to Judgment and Permanent Injunction" lacks the required
17 specificity under Federal Rule of Civil Procedure 65 because the word
18 "public" is unclear.

19   Since the Stipulation reveals the parties' intent to have
20 judgment entered, notwithstanding the decision against issuance of
21 permanent injunction, the Clerk of the Court will be instructed to
22 enter judgment. See Oswalt v. Scripto, Inc., 616 F.2d 191, 194 (5th
23 Cir. 1980) (indicating an order could issue even where the parties
24 fail to formally request it).

25   Judgment is to be entered in favor of Plaintiffs, as
26 follows: Defendant shall pay to Plaintiffs in settlement of this
27 action the total sum of $4080.00, and shall pay Plaintiffs' costs of
28

1  suit (complaint filing fee and service of process fee) in the amount
2  of $420.00.  The Clerk of the Court is directed to close this action.
3           IT IS SO ORDERED.
4  Dated:  February 22, 2007

                              _____
                              GARLAND E. BURRELL, JR.
                              United States District Judge